UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>STEVEN W. CLYNE,<br><br>        Defendant. | Case No. 1:16-CR-115-BLW<br>Ninth Circuit Case No. 17-30157<br><br>**MEMORANDUM DECISION & ORDER** |

## INTRODUCTION

This matter is before the Court on remand from the Ninth Circuit with directions to provide more detailed reasons for denying defendant's motion for release from custody pending appeal. *See Order, No. 17-30157* (Oct. 12, 2017 9th Cir.). The Court's earlier decision denied that motion because it could not find "that the appeal raises a substantial question of law or fact." *See Order (Dkt. No. 95).* This decision explains that result in more detail.

## LITIGATION BACKGROUND

A jury convicted defendant Clyne of one count of dealing firearms without a license and one count of making a false statement during the purchase of a firearm. *See Verdict (Dkt. No. 64).* He was sentenced to 27 months of imprisonment and allowed to remain on release pending his surrender notification from the Bureau of Prisons ("BOP"). After the BOP ordered Clyne to report to prison on September 26, 2017, the Court denied

**Memorandum Decision & Order – page 1**

his motion for release pending appeal, concluding that his appeal did not raise a substantial question of law or fact. Clyne filed an emergency motion for release with the Circuit, and the Circuit remanded the matter to this Court to provide more detailed reasons for its denial of Clyne's motion.

## ANALYSIS

To prevail on his motion for release, Clyne must show that: (1) he is not likely to flee or pose a danger to the safety of any other person in the community; (2) the appeal is not for the purpose of delay; (3) the appeal raises a substantial question of law or fact; and (4) if that substantial question is determined favorably on appeal, the decision is likely to result in reversal or an order for a new trial. *See* 18 U.S.C. § 3143(b)(1*)*. A "substantial question" is one that is fairly debatable or fairly doubtful. *U.S. v. Handy*, 761 F.2d 1279, 1283 (9th Cir.1985).

### Exclusion of ATF Material

Clyne argues that his appeal presents a substantial question because the Court improperly excluded evidence supporting his defense. Specifically, Clyne challenges the exclusion of his evidence that in February of 2017, the ATF said that it had "fielded a variety of questions seeking further clarification, especially about the extent to which persons who regularly buy and sell firearms at gun shows – but not from a fixed commercial location – are allowed and/or required to obtain a Federal firearms license." *See Defense Exhibit 2039.* On its website, the ATF stated that it would amend a portion of its Federal Firearm License to "avoid future confusion." Clyne sold firearms without a

**Memorandum Decision & Order – page 2**

license at gun shows, and argued that this evidence of public confusion made it less likely that he acted willfully.

The Court disagreed and issued a ruling from the bench excluding the evidence on several grounds. *See Transcript (Dkt. No. 98)* at pp. 183-189. First, the evidence contains multiple levels of hearsay. Clyne argues that the evidence contains statements from the ATF, a party opponent, and hence is not hearsay under Rule 801(d)(2). But that argument only covers one level of hearsay. The next level is that the evidence is being introduced for the truth of its assertion that there was public confusion, and no exception exists for that level of hearsay.

Second, the evidence's relevance is highly suspect given that it does not explain why clarification was sought or how many persons sent inquiries. What was the source of the confusion? Were the befuddled a tiny handful or a large group? Without answers – and there are none in the record – the evidence is irrelevant.

Third, even if the relevance and hearsay problems were ignored, and the evidence admitted, fairness would require that the Government be allowed to fully investigate these unknowns, causing a significant delay in the proceedings – perhaps a month or longer. And when trial resumed, it would quickly degenerate into a trial-within-a-trial over the circumstances prompting the ATF to issue those statements. The marginal probative value of this vague anecdotal evidence is substantially outweighed by the delay and confusion that would result from its admission, rendering it excludable under Rule 403. This issue does not present a substantial question that would support Clyne's motion for release.

**Memorandum Decision & Order – page 3**

## *Doyle* Issue

Clyne argues that Government counsel improperly commented – during closing argument – on Clyne's silence during interrogation by Agent Zimmerman after Clyne invoked his right to an attorney. During closing argument, Government counsel pointed to an inconsistency between Clyne's trial testimony (that he had examined the license application and concluded that he did not need a license) with his responses during interrogation by Agent Zimmerman prior to trial (where he did not mention that excuse). Clyne argues that to impeach a defendant with his silence after receiving *Miranda* warnings is fundamentally unfair and violates due process. *Doyle v. Ohio*, 426 U.S. 610, 611 (1976).

During the trial, Agent Zimmerman testified that before interrogating Clyne, she read to him his *Miranda* rights. *See Transcript (Dkt. No. 98)* at p. 251. She did not testify, in either direct or cross, that Clyne asserted his right to remain silent or his right to an attorney – to the contrary, she testified that Clyne answered her questions, explaining at length his conduct. *Id.* at 251-55. Clyne himself testified at trial and said nothing about whether he invoked those rights. He testified that he had reviewed the license application and concluded by its language that he did not need a license.

Agent Zimmerman was asked by Government counsel whether Clyne had raised that same excuse with her, that is, that he had reviewed the license application and concluded that he did not need one. She testified that he did not mention that excuse. *Id.* at 254. Defense counsel did not object to those questions. *Id.*

In closing argument, Government counsel then commented on the inconsistency between Clyne's trial testimony (where he raised the excuse) and his interrogation answers to Agent Zimmerman (where he did not raise the excuse). Defense counsel objected, stating that "I understand that to be a comment on his right to remain silent." *Id.* at p. 568. The Court sustained the objection, instructing the jury to "disregard the last statement." *See Transcript (Dkt. No. 100)* at p. 569. Government counsel then continued, arguing that

> You need to determine whether or not you believe his testimony that he ever looked at that form. And in considering that, you should consider that he was questioned and decided to speak to Special Agent Zimmerman. And what he didn't tell Special Agent Zimmerman was, "Whoa, I didn't think I needed a license." If he had actually looked at that form and didn't think he needed a license, that would be the first thing he said to Special Agent Zimmerman when she says, "Hey, you are engaged in this business. This is a violation of the law." He didn't say, "Whoa, whoa, whoa. Hey, I looked at the form. I don't need a license. I checked this out." He didn't say any of those things. So you need to determine whether or not you believe his testimony.

*Id.* at 569-70. Defense counsel did not object to this argument.

Two crucial factors trigger *Doyle*: (1) a defendant's invocation of his right to remain silent and (2) an omission in post-*Miranda* statements arguably inconsistent with his trial testimony. *U.S. v. Ramirez-Estrada,* 749 F.3d 1129, 1133 (9th Cir. 2014). The trial testimony showed that Clyne spoke at length with Agent Zimmerman after she read him his *Miranda* rights. There was no testimony that he invoked his *Miranda* rights. When defense counsel objected during closing argument, she made a vague reference to Clyne telling her about the excuse "months ago, even at the beginning of the case," and "to say it's the first time that it's ever come out, it's not." *See Transcript (Dkt. No. 100)*

**Memorandum Decision & Order – page 5**

at p. 568. Defense counsel made no argument or proffer to the Court during her sidebar objection that Clyne had invoked his *Miranda* rights. She argued only that Clyne had raised the excuse with her months ago. So the crucial trigger to *Doyle* that Clyne invoke his *Miranda* rights was never shown or proffered at trial. Moreover, Government counsel did not comment on Clyne's silence but instead pointed out the inconsistency between his pre-trial and trial explanations. That is proper argument. *See Anderson v. Charles*, 447 U.S. 404, 408 (1980) (per curiam) (holding that "*Doyle* does not apply to cross-examination that merely inquires into prior inconsistent statements. Such questioning makes no unfair use of silence, because a defendant who voluntarily speaks after receiving *Miranda* warnings has not been induced to remain silent.").

## CONCLUSION

For all of these reasons, the Court reaffirms its prior decision denying the motion for release on the ground that Clyne's appeal fails to raise a substantial question of law or fact. This decision was intended to provide the detail requested by the Ninth Circuit.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the Clerk immediately provide this decision to the Ninth Circuit pursuant to its direction in *Order, Ninth Circuit Case No. 17-30157* (Oct. 12, 2017 9th Cir.).



DATED: October 17, 2017

_____
B. Lynn Winmill
Chief Judge
United States District Court

**Memorandum Decision & Order – page 7**