UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>STEVEN W. CLYNE,<br><br>    Defendant. | Case No. 1:16-CR-115-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion for compassionate release. The motion is fully briefed and at issue. For the reasons expressed below, the Court will grant the motion.

## LITIGATION BACKGROUND

Following a jury's verdict of guilty on one count of dealing a firearm without a license and one count of false statement during the purchase of firearms, the defendant was sentenced on August 14, 2017 to a below-guidelines sentence of 27 months imprisonment, and one year of supervised release. The defendant started serving his sentence at FCI Sheridan on September 26, 2017. He will complete his term of imprisonment on November 11, 2019. However, he will return home to his residence in Meridian Idaho on August 22, 2019, for home confinement placement where he will be monitored by the Port of Hope, a Residential Reentry Center. *See Exhibit 1 (Dkt. No. 113-1).*

The defendant is 72 years old. Since he started serving his sentence, he has had several heart attacks, had a pacemaker implanted, and can only walk with the aid of a walker. The medical staff at FCI Sheridan had a difficult time getting his blood pressure and heart rhythm under control, and eventually transferred him to the Springfield Medical Center where the Warden approved his request for a compassionate release. *See Exhibit (Dkt. No. 112-20).* That approval was reviewed by the Office of General Counsel for the Bureau of Prisons (BOP) and reversed on the ground that the defendant was not "experiencing deteriorating mental or physical health that substantially diminishes his ability to function in a correctional facility." *See Exhibit (Dkt. No. 112-19).* Their analysis observed that the defendant "is actively working with Physical Therapy (PT) and is improving with more progression of distance. [The defendant] is capable of independently performing all of his Activities of Daily Living (ADLs) and Instrumental Activities of Daily Living (IADLs), including bathing, dressing, feeding, toileting, and transfers, and is able to navigate the correctional environment without assistance." *Id.*

## LEGAL STANDARDS

The defendant has brought his motion under 18 U.S.C. § 3582(c)(1)(A).[1] The defendant exhausted his administrative appeals when the BOP's General Counsel denied his petition for compassionate release, *see* 28 C.F.R. § 571.63(b), giving this Court jurisdiction to hear his motion under § 3582.

---

[1] The Court will appoint attorney Miles Pope from the Federal Defender Services of Idaho to represent the defendant for the purposes of this motion only.

In order to modify a sentence and grant compassionate release, a district court must first consider the 18 U.S.C. § 3553(a) factors. Next, the court must find that "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has determined that "extraordinary and compelling reasons" to release a defendant from BOP custody exist if "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." *See* USSG § 1B1.13, cmt n.1(B). The USSG additionally requires the court to find "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *See* USSG § 1B1.13(2). Factors to consider in determining the risk to community safety include the nature and circumstances of the offense, the offender's history and characteristics, and the nature and seriousness of the danger posed by the offender's release. *See* 18 U.S.C. § 3142(g).

## ANALYSIS

The defendant's age and health place his case within the definition of "extraordinary and compelling": He is over age 65, suffering a serious deterioration in physical health because of the aging process; and has served 75 percent of his term of imprisonment. While it is true that the Court imposed a below-Guideline sentence in part because the defendant had a "long list of health problems that he suffers from," *see Sentencing Transcript (Dkt. No. 101)* at p. 60, his health has deteriorated markedly since his sentencing. The Government responds that his health stabilized since he was moved

**Memorandum Decision & Order – page 3**

to the Springfield Medical Center, but it stabilized at a level that is much lower than the level existing at the time of sentencing. While the General Counsel's Office focused on his stabilization, the Court is focusing on his deterioration. It is important in this analysis that the Warden at Springfield – the local official closest to the frequent medical treatments of defendant – approved his petition for a compassionate release. Moreover, as discussed above, the defendant is within a month of being returned home to serve out the remaining three months of his sentence in home detention.

The defendant's crime was serious but defendant's physical decline makes it unlikely that he will reoffend, and the Court finds that he is not a danger to any person or to the community. The factors of deterrence and justice have been served, and there is no longer any reason for continued incarceration. For these reasons, the Court will grant the motion for compassionate release. This decision does not affect defendant's one-year term of supervised release, which remains in effect.

## ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for compassionate release (docket no. 112) is GRANTED and that the Bureau of Prisons is directed to release the defendant as soon as possible from incarceration to begin serving his term of Supervised Release.



DATED: July 22, 2019

_____
B. Lynn Winmill
U.S. District Court Judge

**Memorandum Decision & Order – page 5**